# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

JONAS J. DELAGRANGE,

          Debtor(s).

JONAS J. DELAGRANGE,

          Plaintiff(s),

    v.

TRUSTBANK,

          Defendant(s).

In Proceedings
Under Chapter 7

Case No. 16-40964

Adversary No. 17-4016

## OPINION

This matter is before the Court on a "Motion for Judgment on the Pleadings Pursuant to Rule 12(c)" ("Motion") filed by the Defendant, TrustBank, and on the "Motion to Strike and/or Dismiss for Failure of Service" filed by the Plaintiff/Debtor, Jonas J. Delagrange.  The Defendant's Motion was filed in response to the Plaintiff's complaint entitled "Debtor'[s] Adversary Complaint Seeks for Claim file[d] *Nunc Pro Tunc* Demand Trial by Jury" ("Complaint").  The Complaint initially named several defendants, but when the Plaintiff was unable to show that the allegations against the defendants arose out of the same transaction or occurrence - as required by Fed.R.Civ.P. 20(a)(2) - he asked that TrustBank remain as the sole defendant.  An order was entered on October 11, 2017 dismissing the other defendants and granting the Debtor leave to file separate cases against each of the dismissed defendants.

The Debtor seeks clear title to real property located at 1928 County Road 1775 East, Cisne, Illinois 62823 ("the property").   The property was the subject of a foreclosure complaint filed by TrustBank on November 19, 2015 against the Debtor and Alma A. Delagrange in the Circuit Court

of Wayne County, Illinois.    On June 6, 2016, the Circuit Court entered an Order of Default, an Order of Summary Judgment and a Judgment for Foreclosure and Sale, all in favor of TrustBank. None of the orders were appealed.  The Debtor filed a chapter 7 petition on October 17, 2016.

In the Complaint, the Debtor asks the Court to remove the "unlawful liens" held by TrustBank on the property, alleging that the state court foreclosure judgment is null and void because it was entered without due process of law. The Complaint contains other allegations against TrustBank, many of which are difficult, if not impossible, to understand.  For example, on page 5, paragraph 6, the Debtor states that "Promissory note has value of the face of the note and consideration must to be given to Delagrange.   There is no consideration was given except obligation to pay.  Presumed creditor must to prove the 'lending money.'"  Despite the rambling and sometimes incomprehensible allegations, the gist of the Complaint appears to be that TrustBank has no legal right to the property in question despite the state court's entry of a foreclosure judgment.

TrustBank filed an answer to the Complaint, denying the pertinent allegations and raising *res judicata* as an affirmative defense.   TrustBank also filed the Motion that is now before the Court. At the first hearing on the Motion, which was held on December 20, 2017, the Court requested that counsel for TrustBank clarify whether or not the Motion was intended as a motion for judgment on the pleadings or one for summary judgment.[1]  Counsel responded by asking that the Court treat the Motion as one for summary judgment, and the Court agreed.  In fact, under Rule 12(d) of the Federal Rules of Civil Procedure,[2]  the Court was required to treat the Motion as such

---

[1] Although the motion was entitled "motion for judgment on the pleadings," it was docketed by counsel for TrustBank as a motion for summary judgment.

[2] Rule 12(d) is made applicable to bankruptcy proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and provides:

since TrustBank was presenting matters outside the pleadings (*i.e.*, the foreclosure complaint, judgment and related state court pleadings).  The Court advised the Debtor at the December 20th hearing that TrustBank's Motion would be treated as a motion for summary judgment, and further explained to the Debtor that he had 21 days to file a response.

Debtor's response, entitled "Motion to Strike and/or Dismiss for Failure of Service," was filed on January 2, 2018.  He contends that the Defendant's Motion seeking summary judgment should be dismissed because TrustBank has never served the Debtor with any document entitled "Summary Judgment."   A hearing was held on the Defendant's Motion and the Debtor's response on January 25, 2018.  At the hearing, the Court explained for a second time that although the Defendant's Motion was not titled "Motion for Summary Judgment," the Court was treating it as such pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.  The Court reminded Debtor that he was made aware of this at the hearing held on December 20, 2017, and further, that the Court had granted him ample time to file a response.  For these reasons, the Court finds no merit in the Debtor's argument.

Summary judgment is appropriate only "when the evidence, viewed in a light most favorable to the non-moving party, shows that there is 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Armato v. Grounds*, 766 F.3d 713, 719 (7th Cir. Sept. 4, 2014) (citing Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).   Pursuant to the Rooker-Feldman doctrine, which is explained below, the Court finds that it has no jurisdiction to review the state court foreclosure judgment and that

---

**(d) Result of Presenting Matters Outside the Pleadings.**  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d).

the Defendant's Motion should therefore be granted.  Although a motion to dismiss for lack of jurisdiction may have been a more appropriate way to dispose of this Complaint, granting the Defendant's summary judgment motion produces the same result.

Under the Rooker-Feldman doctrine, this Court lacks jurisdiction to examine the merits of the orders entered in state court, including the Judgment for Foreclosure and Sale.  *District of Columbia Court of Appeals v. Feldman*, 103 S.Ct. 1303, 1311 (1983).  The Rooker-Feldman doctrine holds that inferior federal courts lack jurisdiction to review final decisions of state courts. *Levin v. Attorney Registration and Disciplinary Comm'n of Supreme Court of Illinois*, 74 F.3d 763, 766 (7th Cir. 1996).  Rooker-Feldman establishes that the losing party in a state court lawsuit cannot collaterally attack that court's ruling in federal court.  *In re Heartland Food and Dairy Distributors, Inc.*, 253 B.R. 32, 38 (Bankr.S.D.Ill. 2000).  Rather, the litigant's remedy lies in the state court system and its appellate process.  *Id*. at 39 (citing *In re Herrera*, 194 B.R. 178, 186 n.3 (Bankr.N.D.Ill. 1996)).  In other words, if the Debtor believes that the Wayne County Circuit Court's orders were entered in error, he may pursue whatever remedies are available to him in state court, but he cannot seek relief from those orders in this Court.

Accordingly, IT IS ORDERED that the Defendant's Motion for Summary Judgment is GRANTED and the Plaintiff's Motion to Strike and/or Dismiss for Failure of Service is DENIED. The Complaint is hereby DISMISSED.

See Order entered this date.

ENTERED: January 26, 2018

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE